Irina **GRIGORIAN**; Elizaveta **Tsintsadze, Petitioners,**

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–73895.

Agency Nos. A76–028–815, A76–028–816.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 15, 2003.

*** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tilman Hasche, Esq., Parker, Bush & Lane, Portland, OR, for Petitioners.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Counsel, Office of the District Counsel, Portland, OR, Donald A. Couvillon, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Irina Grigorian and her minor daughter, natives and citizens of the Republic of Georgia, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture.

We have jurisdiction pursuant to 8 U.S.C. § 1252(b). Because the BIA affirmed without opinion, this court reviews the IJ's opinion. *See* 8 C.F.R. § 1003.1(a)(7). We uphold the IJ's decision if it is supported by substantial evidence. *See Ochave v. INS,* 254 F.3d 859, 861–62, 866–67 (9th Cir.2001). We deny Grigorian's petition.

Grigorian claimed that narco-traffickers and Georgian nationalists mistreated her by making phone threats, poisoning her dog, robbing her and her mother, and inducing premature delivery of her baby. Substantial evidence supports the IJ's findings that the treatment Grigorian described did not amount to persecution, *see Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003), and that she did not show her tormentors were motivated by her membership in a protected group, *see Florez–De Solis v. INS,* 796 F.2d 330, 335 (9th Cir.1986).

Because Grigorian failed to establish eligibility for asylum, it follows that she failed to satisfy the more stringent standard for withholding of removal. *See Ochave,* 254 F.3d at 869. She also failed to show that she is more likely than not to be tortured if removed to Georgia. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

